**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| **DR. CYNTHIA E. KEPPEL,**<br><br>**PLAINTIFF,**<br><br>**V.**<br><br>**JEFFERSON SCIENCE ASSOCIATES, LLC, ET AL.,**<br><br>**DEFENDANTS.** | **Case No.: 4:26-CV-00112** |

**NOTICE OF CORRECTION**

On behalf of Defendant Southeastern Universities Research Association, Inc. ("SURA"), undersigned Counsel submits the following Notice of Correction:

- In the Memorandum in Support, undersigned Counsel inadvertently attributed quoted language to *Butler v. Drive Automotive Industries of America, Inc.*, 793 F.3d 404 (4th Cir. 2015), that does not appear in that decision. Specifically, it states: "This Circuit has long recognized that 'a corporate parent is generally not the employer of its subsidiary's employees.' *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015)." *See* ECF No. 39 at p. 3. Undersigned Counsel withdraws the quotation and citation. The general principle for which the passage was cited — that a parent corporation's exercise of general supervisory control over a subsidiary does not, without more, make the parent an employer of the subsidiary's employees — derives from *Johnson v. Flowers Industries, Inc.*, 814 F.2d 978, 981 (4th Cir. 1987), which distinguished the normal incidents of stock ownership from the operational control of day-to-day employment that determines the locus of an employment relationship. The inadvertent attribution to *Butler*

occurred during the editing process in the removal of a previous iteration of a *Johnson*'s parent-subsidiary discussion, and which resulted in the successive draft that left the *Butler* citation attached to language that had originated with *Johnson*. In fact, District Court opinions often discuss *Johnson* and *Butler* together. *See Hice v. Mazzella Lifting Techs., Inc.*, 589 F. Supp. 3d 539, 545–46 (E.D. Va. 2022) (applying *Johnson*'s integrated-employer analysis and *Butler*'s joint-employer analysis in sequence to the same parent-subsidiary allegations). The underlying principle is correctly stated and is not affected by the misattribution.

- In the Memorandum in Support, undersigned Counsel inadvertently cited *Elyazidi v. SunTrust Bank* with the wrong reporter volume and page — "780 F. Supp. 2d 1" — for a proposition about the DCHRA's territorial reach; that citation in fact belongs to *Wade v. District of Columbia*. Specifically, it states: "*See Elyazidi v. SunTrust Bank*, 780 F. Supp. 2d 1, 10-11 (D.D.C. 2011) (an employer's presence in the District does not create DCHRA jurisdiction over an employment relationship centered elsewhere)." *See* ECF No. 39 at p. 30. Undersigned Counsel withdraws the citation and parenthetical citation. To be clear, the relevant portion specifically concerned Maryland's Fair Debt Collection Practices Act. The error was inadvertent on the part of undersigned counsel – as evidenced by it not being consistent across all briefs. *See* Memo in Supp. of Mot. to Dismiss by Defendant Jens Dilling, ECF No. 37. The *Elyazidi* decision was meant to be an analogy of how the Fourth Circuit determines whether state statutes have extra-territorial effect. 780 F.3d at 237-38. It does not, however, affect the substance of SURA's territorial argument. *Elyazidi* was cited as illustrative of the Fourth Circuit's approach to

extraterritorial application of local statutes — a principle that remains sound — and the DCHRA analysis in SURA's Memorandum rests principally on *Cole v. Boeing Co.*, 845 F. Supp. 2d 277 (D.D.C. 2012), which the Opposition does not dispute as correctly cited.

Date: September 28, 2026

By: ________________/s/__________________

Kristina H. Vaquera (VSB No. 43655)
Milena Radovic (VSB No. 91000)
N. Winston West, IV (VSB No. 92598)
Jackson Lewis P.C.

*Physical Addresses:*
701 E. Byrd Street, 17th Floor
Richmond, Virginia 23219

Dominion Tower
999 Waterside Dr., Ste. 2525
Norfolk, VA 23510

*Mailing Address:*
P.O. Box 85068
Richmond, Virginia 23285

Tel: (757) 648-1448
Fax: (804) 649-0403
Kristina.vaquera@jacksonlewis.com
Milena.radovic@jacksonlewis.com
Winston.west@jacksonlewis.com
*Counsel for Defendant SURA*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record, including

Ronald J. Kim, Esq.
SOLOMON LAW FIRM, PLLC
300 Great Oaks Blvd, Suite 312
Albany, NY 12203
rkim@fedemploylaw.com

Dawn C. Stewart, Esq
SOLOMON LAW FIRM, PLLC
1025 Connecticut Avenue, NW, Suite 1000
Washington, D.C. 20036
dstewart@fedemploylaw.com

By: ______________/s/________________
Kristina H. Vaquera (VSB No. 43655)
Milena Radovic (VSB No. 91000)
N. Winston West, IV (VSB No. 92598)
Jackson Lewis P.C.

*Physical Addresses:*
701 E. Byrd Street, 17th Floor
Richmond, Virginia 23219

Dominion Tower
999 Waterside Dr., Ste. 2525
Norfolk, VA 23510

*Mailing Address:*
P.O. Box 85068
Richmond, Virginia 23285

Tel: (757) 648-1448
Fax: (804) 649-0403
Kristina.vaquera@jacksonlewis.com
Milena.radovic@jacksonlewis.com
Winston.west@jacksonlewis.com
*Counsel for Defendant SURA*