IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **DR. CYNTHIA E. KEPPEL,**<br><br>PLAINTIFF,<br><br>v.<br><br>**JEFFERSON SCIENCE ASSOCIATES, LLC, ET. AL,**<br><br>DEFENDANTS. | **Case No.: 4:26-CV-00112-MSD-LRL** |

# DEFENDANT JEFFERSON SCIENCE ASSOCIATES, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Jefferson Science Associates, LLC ("JSA") respectfully submits this Answer to Plaintiff Cynthia E. Keppel's ("Plaintiff") First Amended Complaint ("FAC").

Except as expressly admitted below, JSA denies each and every allegation in the FAC, including any allegations contained in headings, subheadings, footnotes, unnumbered paragraphs, and the Prayer for Relief. The headings of the FAC are repeated below solely for ease of reference, and to the extent any heading is construed to contain factual allegations, JSA denies them. Where JSA states that a document speaks for itself, JSA refers the Court to that document for its complete and accurate contents and denies any allegation inconsistent with it. Allegations directed to defendants other than JSA require no response from JSA; to the extent a response is required, JSA denies them.

## PRELIMINARY STATEMENT

1. Paragraph 1 is a jury demand to which no response is required. To the extent a response is required, JSA denies that Plaintiff is entitled to any relief.

2. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and, therefore, denies them.

3. JSA admits that Plaintiff was employed by JSA at the Thomas Jefferson National Accelerator Facility ("Jefferson Lab"), and that she most recently held the position of Associate Director for the Experimental Physics Division. JSA denies that Plaintiff was employed by SURA and denies the remaining allegations in Paragraph 3.

4. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and, therefore, denies them.

5. JSA admits that Defendant Jens Dilling was appointed Laboratory Director of Jefferson Lab in or about May 2025. JSA denies the remaining allegations in Paragraph 5.

6. JSA denies the allegations in Paragraph 6.

7. JSA admits that on or about November 21, 2025, JSA provided Plaintiff with a written notice regarding her employment, which document is referenced but not attached, but speaks for itself and JSA denies any characterization inconsistent with its contents. JSA denies the remaining allegations in Paragraph 7.

8. The referenced but not attached November 21, 2025 notice speaks for itself, and JSA denies any characterization inconsistent with its contents. JSA denies the remaining allegations in Paragraph 8, including that its stated reason was false, pretextual, or rooted in discriminatory animus.

9. JSA admits that, consistent with its standard practice upon separation, Plaintiff's access credentials were deactivated and she was accompanied from the facility on November 21, 2025. JSA denies the remaining allegations in Paragraph 9.

10. JSA admits that on or about December 18, 2025, Dr. Dilling participated in a town meeting at Jefferson Lab. JSA denies the remaining allegations in Paragraph 10.

11. JSA denies the allegations in Paragraph 11.

12. JSA denies the allegations in Paragraph 12.

13. Paragraph 13 characterizes Plaintiff's claims and the relief she seeks and states legal conclusions to which no response is required. To the extent a response is required, JSA admits that Plaintiff purports to bring this action under the statutes cited, but denies that it violated any law and denies that Plaintiff is entitled to any relief.

**PARTIES**

14. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's residence and citizenship and, therefore, denies them. JSA admits that Plaintiff was employed by JSA at Jefferson Lab, 12000 Jefferson Avenue, Newport News, Virginia. JSA denies that Plaintiff was employed by SURA and denies the remaining allegations in Paragraph 14.

15. JSA admits the allegations in Paragraph 15.

16. JSA admits that, during the relevant time period, it managed and operated Jefferson Lab under a contract with the United States Department of Energy ("DOE").

17. JSA admits that it employed fifteen or more persons during the relevant period. The remaining allegations in Paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, JSA admits that it is an employer within the meaning of Title VII and the VHRA and denies that it is an employer subject to the DCHRA with respect to Plaintiff.

18. Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 are directed to a party other than JSA, and no response from JSA is required. To the extent a response is required, JSA admits, upon information and belief, that SURA is a nonprofit corporation headquartered at the address stated.

20. The term “subsidiary” states a legal conclusion to which no response is required. To the extent a response is required, JSA admits that SURA is a member of JSA and denies the remaining allegations in Paragraph 20.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 that SURA and JSA operated Jefferson Lab as a “single, integrated enterprise” state legal conclusions to which no response is required, and to the extent a response is required, JSA denies them. The referenced but not attached Administrative Manual is a document that speaks for itself, and JSA denies any characterization inconsistent with its contents. JSA admits that it was formed to hold the DOE Management and Operating contract for Jefferson Lab and denies the remaining allegations in Paragraph 22.

23. JSA admits that Plaintiff’s W-2 wage statements, referenced but not attached, were issued by JSA, which speak for themselves, and JSA denies any characterization inconsistent with their contents. Plaintiff’s retirement plan documents which are referenced but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. JSA denies the remaining allegations in Paragraph 23, including that Plaintiff was employed by SURA.

24. The Forms 5500 and plan documents referenced but not attached in Paragraph 24 speak for themselves, and JSA denies any characterization inconsistent with their contents. The allegations regarding plan sponsorship and administration state legal conclusions to which no response is required. To the extent a response is required, JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding SURA’s filings and their execution and, therefore, denies them, and JSA denies the remaining allegations in Paragraph 24.

25. The financial statements and plan documents referenced in Paragraph 25 speak for

themselves, and JSA denies any characterization inconsistent with their contents. The allegations that SURA "determined and administered a material term and condition" of Plaintiff's employment state legal conclusions to which no response is required. To the extent a response is required, JSA denies the remaining allegations in Paragraph 25.

26. The Forms 5500, insurance contracts, and plan documents referenced in Paragraph 26 but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. The allegations regarding plan status, Form M-1 requirements, and "control group" state legal conclusions to which no response is required. To the extent a response is required, JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding SURA's certifications and representations and, therefore, denies them, and denies the remaining allegations in Paragraph 26.

27. JSA admits that Plaintiff executed a Leadership Participation Agreement on or about April 7, 2022. The Agreement referenced but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents. The allegation that the Agreement is evidence that SURA co-determined the terms and conditions of Plaintiff's employment states a legal conclusion to which no response is required, and to the extent a response is required, JSA denies it. JSA denies the remaining allegations in Paragraph 27.

28. The Audit Review Team's deliverables and report which are referenced but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. To the extent the allegations in Paragraph 28 concern the conduct, knowledge, or decisions of SURA or Mr. Hearne, JSA lacks knowledge or information sufficient to form a belief about their truth and, therefore, denies them. JSA denies the remaining allegations in Paragraph 28, including that Plaintiff's division met all performance expectations and safety standards.

29. The allegations in Paragraph 29 regarding joint control and co-determination state legal conclusions to which no response is required. The DOE Management and Operating contract and JSA's governing documents which are referenced but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. To the extent a response is required, JSA admits that Dr. Dilling was appointed Laboratory Director in or about May 2025 and denies the remaining allegations in Paragraph 29.

30. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and, therefore, denies them.

31. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and, therefore, denies them.

32. The allegations in Paragraph 32 that SURA "selected, supervised, and evaluated" the Laboratory Director state legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 are directed to a party other than JSA and state legal conclusions to which no response is required. To the extent a response is required, JSA lacks knowledge or information sufficient to form a belief about SURA's headcount and, therefore, denies the allegations, and denies that SURA was Plaintiff's employer.

34. JSA admits that Dr. Dilling is a natural person who has served as Laboratory Director of Jefferson Lab since in or about May 2025 and that Plaintiff purports to sue him individually and in his official capacity. JSA denies the remaining allegations in Paragraph 34, including that Dr. Dilling engaged in discrimination, harassment, retaliation, or defamation.

35. The allegations in Paragraph 35 are directed to a party other than JSA, and no response from JSA is required. To the extent a response is required, JSA admits, upon information

and belief, that Mr. Hearne served as President and CEO of SURA, and denies the remaining allegations in Paragraph 35.

**JURISDICTION AND VENUE**

36. Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, JSA admits that Plaintiff purports to invoke this Court's subject matter jurisdiction under the statutes cited, but denies that it violated Title VII or any other law.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 37 and denies that Plaintiff has stated any viable state or local law claim.

38. Paragraph 38 states legal conclusions to which no response is required. To the extent a response is required, JSA admits that venue is proper in this District, that its principal place of business is in this District, and that Plaintiff was employed in this District, but denies that any unlawful employment practice was committed and denies the remaining allegations in Paragraph 38.

39. JSA admits that Plaintiff filed a Charge of Discrimination with the EEOC against JSA and that the EEOC issued a Determination and Notice of Rights. The charges and EEOC documents which are referenced but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the charge against SURA and Plaintiff's receipt of notices and, therefore, denies them, and denies the remaining allegations in Paragraph 39.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, JSA lacks knowledge or information sufficient to form a belief about

the date of Plaintiff's receipt of any EEOC notice and, therefore, denies the allegations, and denies that all administrative prerequisites have been satisfied as to every claim asserted.

## FACTUAL ALLEGATIONS

### A. Dr. Keppel's Thirty-Year Career at Jefferson Laboratory

41. JSA admits that Plaintiff began working at Jefferson Lab in or about 1995 in a position shared with Hampton University. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's reputation and, therefore, denies them. JSA denies the remaining allegations in Paragraph 41, including that JSA or SURA jointly hired Plaintiff.

42. JSA admits that in or about 2012 Plaintiff was appointed Experimental Hall A Leader at Jefferson Lab but denies the remaining allegations in Paragraph 42.

43. JSA admits that Plaintiff was appointed Associate Director for the Experimental Physics Division in or about 2021. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding interviews conducted by SURA personnel and Mr. Hearne's role and, therefore, denies them. JSA denies the remaining allegations in Paragraph 43.

44. JSA denies the allegations in Paragraph 44.

45. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the awards described in Paragraph 45 and, therefore, denies them. JSA denies the remaining allegations in Paragraph 45.

46. The April 2024 merit communication, Plaintiff's performance appraisals, the Leadership Participation Agreement, JSA's policies, and the Operations Audit materials referenced but which are not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. JSA denies that Plaintiff's performance met its legitimate

expectations at all times, denies that the Operations Audit demonstrated that her division met all performance expectations and safety standards, and denies the remaining allegations in Paragraph 46.

47. JSA admits that, as Associate Director for Experimental Physics, Plaintiff was a member of the Directors' Council. No timeframe is identified and thus JSA lacks sufficient information or knowledge to form a belief about the truth of the allegation regarding the gender of the members of the Directors' Council as alleged in Paragraph 47 and, therefore, denies this allegation. JSA denies the remaining allegations in Paragraph 47.

**B. Customary Outside Scientific Engagement; Defendants' Selective Restriction of Dr. Keppel**

48. JSA admits that senior scientists at Jefferson Lab may engage in outside professional activities subject to applicable JSA policies, DOE contract requirements, and conflict-of-interest rules. JSA denies the remaining allegations in Paragraph 48 as stated.

49. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the nature and extent of Plaintiff's outside activities and, therefore, denies them. JSA denies the remaining allegations in Paragraph 49.

50. JSA denies the allegations in Paragraph 50.

51. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, which concern alleged communications between Plaintiff, third-party bidders, and Mr. Hearne, and, therefore, denies them.

52. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Hearne's statements in Paragraph 52 and, therefore, denies them. Any non-compete or similar document referenced but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents, including that staff were "pressured" to sign it.

JSA denies the remaining allegations in Paragraph 52.

53. JSA denies the allegations in Paragraph 53.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 54.

**C. Dilling's Appointment and Immediate Creation of a Gender-Based Hostile Work Environment**

55. JSA admits that Dr. Dilling was appointed Laboratory Director of Jefferson Lab in or about May 2025. JSA denies the remaining allegations in Paragraph 55.

56. JSA denies the allegations in Paragraph 56.

57. JSA denies the allegations in Paragraph 57.

58. JSA denies the allegations in Paragraph 58.

59. JSA denies the allegations in Paragraph 59.

60. JSA admits that David Dean served as Deputy Director for Science and Technology. JSA denies the remaining allegations in Paragraph 60.

61. JSA denies the allegations in Paragraph 61.

62. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding what Plaintiff personally witnessed and, therefore, denies them. JSA denies the remaining allegations in Paragraph 62.

63. JSA denies the allegations in Paragraph 63 as stated.

64. JSA admits that an operations review of the Experimental Physics Division was conducted in or about November 2025. JSA denies the remaining allegations in Paragraph 64.

**D. JSA and Dilling Attempt to Manufacture Pretextual Reasons for a False Basis for Dr. Keppel's Termination**

65. JSA denies the allegations in Paragraph 65.

66. JSA admits that an operations review of the Experimental Physics Division was

conducted in or about November 2025. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Hearne's role and, therefore, denies them. JSA denies the remaining allegations in Paragraph 66.

67. The DOE annual performance evaluation referenced in Paragraph 67 but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents. JSA denies the remaining allegations in Paragraph 67.

68. The Operations Audit materials referenced but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. JSA denies the remaining allegations in Paragraph 68.

69. JSA denies the allegations in Paragraph 69 as stated.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 70.

**E. Dr. Keppel's Unlawful Termination on November 21, 2025**

71. JSA admits that on November 21, 2025, it issued Plaintiff a written notice regarding her employment. The notice referenced but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents. JSA denies that SURA or Mr. Hearne directed or approved any decision regarding Plaintiff's employment and denies the remaining allegations in Paragraph 71.

72. The November 21, 2025 notice referenced but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents.

73. JSA denies the allegations in Paragraph 73.

74. JSA denies the allegations in Paragraph 74.

75. The Jefferson Laboratory Code of Conduct and Administrative Manual referenced

but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. JSA denies the remaining allegations in Paragraph 75.

76. JSA admits that, consistent with its standard separation practices, Plaintiff's badge access was deactivated and she was accompanied from the facility on November 21, 2025. JSA denies the remaining allegations in Paragraph 76.

77. JSA admits that arrangements were offered for Plaintiff to retrieve her personal items. JSA denies the remaining allegations in Paragraph 77.

78. JSA admits that on November 21, 2025, it provided Plaintiff with a letter offering her the opportunity to transition to an individual contributor role. The letter referenced but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents.

79. JSA denies the allegations in Paragraph 79.

80. JSA admits that Plaintiff did not accept the offer. JSA lacks knowledge or information sufficient to form a belief about Plaintiff's reasons and, therefore, denies them, and denies the remaining allegations in Paragraph 80.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 81.

82. JSA denies the allegations in Paragraph 82.

83. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83, which concern communications with the SURA Board of Trustees, and, therefore, denies them.

84. JSA denies the allegations in Paragraph 84.

85. JSA denies the allegations in Paragraph 85.

86. JSA denies that departing executives of comparable seniority and employees

impacted by a reduction in force were similarly situated to Plaintiff and denies the remaining allegations in Paragraph 86.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 87.

### F. Dilling's Post-Termination Retaliatory and Defamatory Statements to the Scientific Community That Dr. Keppel Had Served with Distinction for Thirty Years

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, JSA lacks knowledge or information sufficient to form a belief about when Plaintiff retained counsel and, therefore, denies the allegations in Paragraph 88.

89. JSA admits that on or about November 26, 2025, Plaintiff's counsel informed JSA's General Counsel that it represented Plaintiff.

90. JSA admits that it received a letter from Plaintiff's counsel dated on or about December 3, 2025. The letter referenced but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents. The allegation that JSA is SURA's "subsidiary" states a legal conclusion to which no response is required. JSA lacks knowledge or information sufficient to form a belief about what SURA knew and, therefore, denies those allegations, and denies the remaining allegations in Paragraph 90, including that the assertions in the letter had any merit.

91. JSA admits that on or about December 18, 2025, Dr. Dilling participated in a town meeting at Jefferson Lab that was attended in person and online. JSA lacks knowledge or information sufficient to form a belief about the employment and work history of each attendee and, therefore, denies those allegations. JSA denies the remaining allegations in Paragraph 91.

92. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 regarding the composition of the audience and, therefore, denies

them.

93. Any recording or transcript of the December 18, 2025 meeting referenced but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents, including the selective excerpting in Paragraph 93. JSA denies that any statement was false and denies the remaining allegations in Paragraph 93.

94. Paragraph 94 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 94.

95. Paragraph 95 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 95.

96. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding what each audience member understood and, therefore, denies the allegations in Paragraph 96.

97. JSA denies the allegations in Paragraph 97.

98. Paragraph 98 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 98.

99. The Operations Audit materials referenced but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. JSA denies the remaining allegations in Paragraph 99.

100. The external review report and Operations Audit materials referenced but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. JSA denies the remaining allegations in Paragraph 100.

101. JSA denies the allegations in Paragraph 101.

102. Paragraph 102 states legal conclusions to which no response is required. To the

extent a response is required, JSA denies the allegations in Paragraph 102.

103. The allegations regarding scope of employment, authorization, and ratification in Paragraph 103 state legal conclusions to which no response is required. To the extent a response is required, JSA denies them. JSA denies the remaining allegations in Paragraph 103.

104. Any recording or transcript of the December 18, 2025 meeting referenced but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents.

105. JSA admits that on or about December 22, 2025, it offered Plaintiff a Nuclear Physics Special Advisor position. The offer referenced but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents. JSA denies the remaining allegations in Paragraph 105.

106. JSA denies the allegations in Paragraph 106.

107. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding any email Plaintiff issued and her reasons for doing so and, therefore, denies them. JSA denies the remaining allegations in Paragraph 107.

**G. Dilling's Private Defamatory Statements to Leaders of the Field**

108. Paragraph 108 fails to identify the speakers, recipients, dates, or content of the alleged statements with particularity, and JSA therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, denies them. JSA further denies that any statement was false or defamatory.

109. JSA denies the allegations in Paragraph 109.

**H. Continued Retaliation: The December 22, 2025, Demotion Offer**

110. JSA admits that on or about December 22, 2025, it offered Plaintiff a Nuclear Physics Special Advisor position. The offer referenced but not attached speaks for itself, and JSA

denies any characterization inconsistent with its contents. JSA denies the remaining allegations in Paragraph 110, including that the offer was retaliatory.

111. JSA admits that Plaintiff did not accept the December 22, 2025 offer. JSA denies the remaining allegations in Paragraph 111.

112. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 and, therefore, denies them.

113. Whether Plaintiff's email constitutes a "protected act" is a legal conclusion to which no response is required. Any such email speaks for itself. To the extent a response is required, JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 and, therefore, denies them.

### I. JSA/SURA Retaliate Against Dr. Keppel by Failing to Timely Provide COBRA Notices

114. JSA admits that it issued Plaintiff the November 21, 2025 notice. JSA denies that SURA terminated Plaintiff and denies the remaining allegations in Paragraph 114.

115. Paragraph 115 states a legal conclusion to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 115.

116. JSA denies the allegations in Paragraph 116 as stated.

117. Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 117.

118. The plan documents and Forms 5500 referenced in Paragraph 118 referenced but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. The allegations regarding plan sponsorship and administration state legal conclusions to which no response is required. To the extent a response is required, JSA denies the remaining allegations in Paragraph 118.

119. Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 119.

120. JSA denies the allegations in Paragraph 120.

121. Paragraph 121 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 121.

122. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's procurement of health insurance and, therefore, denies them. JSA denies the remaining allegations in Paragraph 122.

123. JSA denies the allegations in Paragraph 123.

124. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's awareness and the unidentified male employee and, therefore, denies them. JSA denies the remaining allegations in Paragraph 124.

**J. JSA/SURA Retaliate Against Dr. Keppel by Denying Access to Her Retirement Funds**

125. The plan documents referenced in Paragraph 125 but not attached speak for themselves, and the allegations regarding plan status, sponsorship, administration, fiduciary status, and vesting state legal conclusions to which no response is required. To the extent a response is required, JSA admits that Plaintiff participated in the SURA/Jefferson Science Associates 401(k) Plan and denies the remaining allegations in Paragraph 125.

126. The plan documents and audited financial statements referenced in Paragraph 126 but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. The allegations regarding Plaintiff's entitlement to distributions state legal conclusions to which no response is required. To the extent a response is required, JSA denies the remaining allegations in Paragraph 126.

127. JSA denies the allegations in Paragraph 127.

128. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's withdrawal request and TIAA's response and, therefore, denies them. JSA denies the remaining allegations in Paragraph 128.

129. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's withdrawal request and TIAA's response and, therefore, denies them. JSA denies the remaining allegations in Paragraph 129.

130. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's withdrawal request and TIAA's response and, therefore, denies them. JSA denies the remaining allegations in Paragraph 130.

131. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding SURA's conduct and, therefore, denies them. JSA denies the remaining allegations in Paragraph 131.

132. Paragraph 132 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 132.

133. Paragraph 133 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 133.

134. Paragraph 134 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 134.

135. JSA denies the allegations in Paragraph 135.

### K. Dr. Keppel's Separation from JSA/SURA and Ongoing Harm

136. JSA denies the allegations in Paragraph 136.

## CAUSES OF ACTION

**COUNT I – Gender Discrimination in Violation of Title VII (Against Defendant JSA)**

137. JSA incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

138. Paragraph 138 states legal conclusions to which no response is required. To the extent a response is required, JSA states that Title VII speaks for itself and denies any characterization inconsistent with it.

139. JSA admits, upon information and belief, that Plaintiff is a woman. The allegation that Plaintiff was "indisputably qualified" states a legal conclusion to which no response is required, and to the extent a response is required, JSA denies it.

140. JSA denies the allegations in Paragraph 140, including each of subparagraphs (a) through (i).

141. Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 141.

142. JSA denies the allegations in Paragraph 142 and denies that Plaintiff is entitled to any damages, including punitive damages.

**COUNT II – Gender Discrimination in Violation of Title VII (Against Defendant SURA)**

143–148. JSA incorporates by reference its responses to the preceding paragraphs. Count II, including Paragraphs 143 through 148, is not asserted against JSA, and no response from JSA is required. To the extent a response is required, JSA denies the allegations in Paragraphs 143 through 148, except that JSA admits, upon information and belief, that Plaintiff is a woman.

**COUNT III – Hostile Work Environment Based on Sex in Violation of Title VII (Against Defendant JSA)**

149. JSA incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

150. Paragraph 150 states legal conclusions to which no response is required. To the extent a response is required, JSA denies any characterization of the law inconsistent with applicable authority.

151. JSA denies the allegations in Paragraph 151.

152. Paragraph 152 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 152.

153. JSA denies the allegations in Paragraph 153 and denies that Plaintiff is entitled to any damages, including punitive damages.

**COUNT IV – Hostile Work Environment Based on Sex in Violation of Title VII (Against Defendant SURA)**

154–158. JSA incorporates by reference its responses to the preceding paragraphs. Count IV, including Paragraphs 154 through 158, is not asserted against JSA, and no response from JSA is required. To the extent a response is required, JSA denies the allegations in Paragraphs 154 through 158.

**COUNT V – Retaliation in Violation of Title VII (Against Defendant JSA)**

159. JSA incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

160. Paragraph 160 states legal conclusions to which no response is required. To the extent a response is required, JSA states that Title VII speaks for itself and denies any characterization inconsistent with it.

161. Paragraph 161 states legal conclusions to which no response is required. To the extent a response is required, JSA lacks knowledge or information sufficient to form a belief about when Plaintiff retained counsel and, therefore, denies the allegations in Paragraph 161.

162. JSA admits that Plaintiff's counsel contacted JSA on or about November 26, 2025,

and sent a letter dated on or about December 3, 2025, which referenced but not attached document speaks for itself. JSA denies the remaining allegations in Paragraph 162, including each of subparagraphs (a) through (d).

163. Paragraph 163 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 163.

164. Paragraph 164 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 164.

165. JSA denies the allegations in Paragraph 165 and denies that Plaintiff is entitled to any damages.

**COUNT VI – Retaliation in Violation of Title VII (Against Defendant SURA)**

166–172. JSA incorporates by reference its responses to the preceding paragraphs. Count VI, including Paragraphs 166 through 172, is not asserted against JSA, and no response from JSA is required. To the extent a response is required, JSA incorporates its responses to Paragraphs 160 through 165 and otherwise denies the allegations in Paragraphs 166 through 172.

**COUNT VII – Gender Discrimination and Hostile Work Environment in Violation of the VHRA (Against Defendant JSA)**

173. JSA incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

174. Paragraph 174 states legal conclusions to which no response is required. To the extent a response is required, JSA states that the VHRA speaks for itself and denies any characterization inconsistent with it.

175. JSA admits that it employed fifteen or more employees at all relevant times. The remaining allegations in Paragraph 175 state legal conclusions to which no response is required.

176. JSA denies the allegations in Paragraph 176.

177. Paragraph 177 states a legal conclusion to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 177.

178. JSA denies the allegations in Paragraph 178 and denies that Plaintiff is entitled to any damages, including punitive damages.

**COUNT VIII – Gender Discrimination and Hostile Work Environment in Violation of the VHRA (Against Defendant SURA)**

179–184. JSA incorporates by reference its responses to the preceding paragraphs. Count VIII, including Paragraphs 179 through 184, is not asserted against JSA, and no response from JSA is required. To the extent a response is required, JSA denies the allegations in Paragraphs 179 through 184.

**COUNT IX – Retaliation in Violation of the VHRA (Against Defendant JSA)**

185. JSA incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

186. Paragraph 186 states legal conclusions to which no response is required. To the extent a response is required, JSA states that the VHRA speaks for itself and denies any characterization inconsistent with it.

187. JSA admits that Plaintiff's counsel contacted JSA on or about November 26, 2025, and sent a letter dated on or about December 3, 2025, which referenced but not attached document speaks for itself. JSA denies the remaining allegations in Paragraph 187, including each of subparagraphs (a) through (d).

188. Paragraph 188 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 188.

189. Paragraph 189 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 189.

190. JSA denies the allegations in Paragraph 190 and denies that Plaintiff is entitled to any damages, including punitive damages.

**COUNT X – Retaliation in Violation of the VHRA (Against Defendant SURA)**

191–196. JSA incorporates by reference its responses to the preceding paragraphs. Count X, including Paragraphs 191 through 196, is not asserted against JSA, and no response from JSA is required. To the extent a response is required, JSA incorporates its responses to Paragraphs 186 through 190 and otherwise denies the allegations in Paragraphs 191 through 196.

**COUNT XI – Gender Discrimination, Hostile Work Environment, and Retaliation in Violation of the DCHRA (Against All Defendants)**

197. JSA incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

198. Paragraph 198 states legal conclusions to which no response is required. To the extent a response is required, JSA states that the DCHRA speaks for itself, denies any characterization inconsistent with it, and denies that the DCHRA applies to Plaintiff's employment in Virginia.

199. The allegations in Paragraph 199 regarding the applicability of the DCHRA and the location of decisions state legal conclusions to which no response is required, and to the extent a response is required, JSA denies them. The Leadership Participation Agreement and Forms 5500 referenced but not attached speak for themselves. JSA lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding SURA's headquarters, Mr. Hearne's activities, and the location of the search committee's work and, therefore, denies them. JSA denies the remaining allegations in Paragraph 199, including that any decision regarding Plaintiff's employment was made in the District of Columbia.

200. JSA denies the allegations in Paragraph 200.

201. Paragraph 201 is directed to parties other than JSA and states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 201.

202. JSA denies the allegations in Paragraph 202 and denies that Plaintiff is entitled to any relief.

**COUNT XII – Post-Employment Defamation Per Se (Against Defendants Dilling, JSA, and SURA)**

203. JSA incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

204. JSA admits that on or about December 18, 2025, Dr. Dilling participated in a town meeting at Jefferson Lab that was attended in person and online. The allegations regarding scope of authority and agency state legal conclusions to which no response is required. JSA lacks knowledge or information sufficient to form a belief about the work history of each attendee and, therefore, denies those allegations, and denies the remaining allegations in Paragraph 204.

205. Any recording or transcript of the meeting referenced but not attached speaks for itself, and JSA denies any characterization inconsistent with its contents. JSA denies the remaining allegations in Paragraph 205.

206. The Operations Audit and external review materials referenced but not attached speak for themselves, and JSA denies any characterization inconsistent with their contents. JSA denies the remaining allegations in Paragraph 206.

207. Paragraph 207 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 207.

208. Paragraph 208 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 208.

209. Paragraph 209 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 209. JSA further states that the FAC does not otherwise identify the alleged statements to "Shepherd, Napolitano, and Milner," and JSA therefore lacks knowledge or information sufficient to form a belief about those allegations and denies them.

210. JSA denies the allegations in Paragraph 210, including that it is vicariously liable or authorized or ratified any defamatory communication.

211. JSA denies the allegations in Paragraph 211 and denies that Plaintiff is entitled to any damages, including presumed or punitive damages.

**COUNT XIII – Failure to Provide Timely COBRA Notice (Against Defendants JSA and SURA)**

212. JSA incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

213. Paragraph 213 states legal conclusions to which no response is required. To the extent a response is required, JSA states that COBRA speaks for itself and denies any characterization inconsistent with it.

214. The allegation that Plaintiff experienced a qualifying event states a legal conclusion to which no response is required. JSA admits that it issued the November 21, 2025 notice to Plaintiff and denies the remaining allegations in Paragraph 214.

215. Paragraph 215 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 215.

216. JSA denies the allegations in Paragraph 216.

217. Paragraph 217 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 217.

218. JSA denies the allegations in Paragraph 218.

219. Paragraph 219 states legal conclusions to which no response is required. To the extent a response is required, JSA denies that Plaintiff is entitled to statutory penalties or any other relief, and further states that penalties under 29 U.S.C. § 1132(c)(1) are available, if at all, only against a plan administrator.

**COUNT XIV – Interference with ERISA Rights in Violation of ERISA § 510 (Against Defendant JSA)**

220. JSA incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

221. Paragraph 221 states legal conclusions to which no response is required. To the extent a response is required, JSA states that ERISA speaks for itself and denies any characterization inconsistent with it.

222. Paragraph 222 states legal conclusions to which no response is required. To the extent a response is required, JSA admits that Plaintiff participated in the SURA/Jefferson Science Associates 401(k) Plan and denies the remaining allegations in Paragraph 222.

223. JSA denies the allegations in Paragraph 223.

224. Paragraph 224 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 224.

225. Paragraph 225 states legal conclusions to which no response is required. To the extent a response is required, JSA denies the allegations in Paragraph 225.

226. JSA denies the allegations in Paragraph 226 and denies that Plaintiff is entitled to any relief.

**COUNT XV – Interference with and Denial of ERISA Rights (Against Defendant SURA)**

227–233. JSA incorporates by reference its responses to the preceding paragraphs.

Count XV, including Paragraphs 227 through 233, is not asserted against JSA, and no response from JSA is required. To the extent a response is required, JSA denies the allegations in Paragraphs 227 through 233, except that JSA admits that Plaintiff participated in the SURA/Jefferson Science Associates 401(k) Plan.

## PRAYER FOR RELIEF AND JURY DEMAND

234. JSA denies that Plaintiff is entitled to any of the relief requested in Paragraph 234, including subparagraphs (a) through (l), or to any relief whatsoever.

235. Paragraph 235 is a jury demand to which no response is required.

## GENERAL DENIAL

JSA denies each and every allegation in the FAC not expressly admitted above, and denies that Plaintiff is entitled to judgment or any relief against JSA.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof it would not otherwise bear, JSA asserts the following defenses and reserves the right to amend this Answer to assert additional defenses as they become known through discovery.

1. The FAC fails, in whole or in part, to state a claim against JSA upon which relief can be granted.

2. JSA is liable, if at all, only for its own acts. JSA and SURA are separate legal entities that do not constitute a single, integrated enterprise or joint employer, and JSA is not liable for the acts, omissions, or decisions of SURA or Mr. Hearne, including any conduct alleged to have originated from SURA's Washington, D.C. offices.

3. Every employment decision JSA made regarding Plaintiff, including the leadership change in the Experimental Physics Division, the operations review, and the November 21, 2025

notice, was based on legitimate, non-discriminatory business reasons unrelated to Plaintiff's sex, and none of those reasons was a pretext for discrimination.

4. In the alternative, if Plaintiff's sex is found to have been a motivating factor in any decision, which JSA denies, JSA would have taken the same action in the absence of that factor, and Plaintiff's remedies are limited accordingly under 42 U.S.C. § 2000e-5(g)(2)(B).

5. Several of the acts on which Counts I and VII rely are not adverse employment actions, including the offers of an individual contributor role and a Special Advisor role (both of which Plaintiff declined), and the alleged denial of severance, to which Plaintiff had no contractual or policy entitlement.

6. Plaintiff's alleged comparators were not similarly situated to her.

7. The conduct alleged, including communications with Plaintiff's direct reports, disagreement or interruptions at Directors' Council meetings, the selection of presenters, and an operations review, consists of ordinary workplace management decisions and interactions that were not based on sex.

8. The conduct alleged, including communications with Plaintiff's direct reports, disagreement or interruptions at Directors' Council meetings, the selection of presenters, and an operations review, consists of ordinary workplace management decisions and interactions were not sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

9. To the extent the alleged harassment did not culminate in a tangible employment action, JSA exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities JSA provided or to otherwise avoid harm.

10. Plaintiff's alleged termination on November 21, 2025 cannot constitute an adverse

employment action for purposes of her retaliation claims in Counts V and IX because it predates any alleged protected activity.

11. The post-separation acts alleged as retaliation, including remarks at the December 18, 2025 town meeting, the December 22, 2025 offer, and the alleged COBRA and retirement-plan issues, were not materially adverse actions taken by JSA because of protected activity.

12. Plaintiff's protected activity was not the but-for cause of any challenged action.

13. Plaintiff's Title VII and VHRA claims are barred, in whole or in part, to the extent they rely on acts or theories not raised in, or not reasonably related to, EEOC Charge No. 437-2026-00771, or to the extent they are otherwise untimely under 42 U.S.C. § 2000e-5(e)(1) or Va. Code Ann. § 2.2-3907.

14. Plaintiff's claims against JSA under the DCHRA are barred, in whole or in part, to the extent they rest on alleged discriminatory or retaliatory conduct attributable to JSA that occurred outside the District of Columbia, where neither the challenged decisions nor their effects occurred in the District. Plaintiff lived and worked in Virginia, JSA is a Virginia company whose principal place of business is in Newport News, and the decisions affecting Plaintiff's employment were made and felt in Virginia, not the District of Columbia. Plaintiff cannot create a D.C. nexus by pointing to the location of a separate entity's offices.

15. Count XI is duplicative of Counts I, III, V, VII, and IX, and Plaintiff may not recover more than once for the same alleged injury.

16. Plaintiff's claims are barred to the extent that the alleged defamatory statements were true or substantially true.

17. Plaintiff's claims are barred to the extent that the alleged defamatory statements were statements about laboratory-wide operations rather than statements of fact of and concerning

Plaintiff.

18. Plaintiff's claims are barred to the extent that the alleged defamatory statements were expressions of opinion that cannot be proven true or false.

19. Plaintiff's claims are barred to the extent that the alleged defamatory statements are protected by a qualified privilege and Plaintiff cannot overcome that privilege by clear and convincing evidence of common-law malice.

20. In the alternative, to the extent any alleged statement, including the unspecified private statements alleged in Paragraphs 108, 109, and 209, was made outside the scope of the speaker's employment, JSA is not vicariously liable for it.

21. Plaintiff may not recover presumed or punitive damages on Count XII absent clear and convincing proof of actual malice, and any punitive damages award is subject to the limit in Va. Code Ann. § 8.01-38.1.

22. JSA is immune from liability on Count XII under Va. Code Ann. § 8.01-223.2(A)(i) to the extent that the claim is based solely on statements attributable to JSA, communicated to third parties, regarding matters of public concern protected under the First Amendment, including qualifying statements concerning laboratory safety, stewardship of public resources, and the operation of Jefferson Lab. To the extent JSA prevails pursuant to this immunity, JSA requests an award of reasonable attorney's fees and costs under § 8.01-223.2(C).

23. JSA is not the plan sponsor or administrator of the group health plan, which the FAC itself alleges is SURA. Statutory penalties under 29 U.S.C. § 1132(c)(1) may be imposed, if at all, only on a plan administrator, and therefore cannot be recovered from JSA.

24. JSA satisfied any obligation it had to notify the plan administrator of a qualifying event, or any delay was in good faith, and Plaintiff suffered no prejudice because she obtained

other health coverage. Any penalty is in the Court's discretion and is not warranted here.

25. JSA did not act with the specific intent to interfere with Plaintiff's attainment of plan rights or to retaliate for the exercise of plan rights. Any delay in distributions resulted from good-faith administration of Plaintiff's employment status and from plan, administrator, and recordkeeper processes, not from conduct by JSA.

26. To the extent Count XIV asserts a claim for benefits under the terms of an ERISA plan, rather than an independent statutory claim under ERISA § 510, that claim is barred to the extent Plaintiff failed to exhaust available administrative claims and appeal procedures that she was legally required to exhaust, unless exhaustion is excused.

27. Relief under Count XIV, insofar as it is brought under 29 U.S.C. § 1132(a)(3), is limited to appropriate equitable relief. Plaintiff may not recover legal compensatory, extra-contractual, or punitive damages under that provision and is not entitled to a jury trial on that equitable claim. Any request for relief is moot to the extent subsequent events have fully resolved the controversy concerning that relief and no effective relief remains available.

28. To the extent any state-law count seeks relief for the alleged denial of retirement or health benefits, it is preempted by ERISA, 29 U.S.C. § 1144(a).

29. Plaintiff failed to mitigate her alleged damages, including by declining JSA's November 21, 2025 offer of an individual contributor role and its December 22, 2025 offer of a Special Advisor position, and any back pay or front pay must be cut off or reduced accordingly.

30. Plaintiff is not entitled to punitive damages under Title VII or the VHRA because JSA did not act with malice or reckless indifference to her protected rights and made good-faith efforts to comply with anti-discrimination laws. Any compensatory and punitive damages are subject to the caps in 42 U.S.C. § 1981a(b)(3) and the limits in Va. Code Ann. § 2.2-3908.

31. Any recovery must be offset by interim earnings, benefits, and other amounts Plaintiff has received, and Plaintiff may not recover duplicative damages for the same alleged injury under multiple counts.

32. To the extent JSA discovers evidence of misconduct that would have led to Plaintiff's separation had JSA known of it, Plaintiff's damages are limited under the after-acquired evidence doctrine.

33. JSA reserves the right to amend this Answer to assert additional defenses as they become known through discovery.

WHEREFORE, JSA respectfully requests that the Court dismiss the FAC with prejudice as to JSA, enter judgment in JSA's favor, award JSA its costs and, where permitted, reasonable attorneys' fees, and grant such other relief as the Court deems just and proper.

Date: October 15, 2026

**JEFFERSON SCIENCE ASSOCIATES, LLC**


By: /s/
Kristina H. Vaquera (VSB No. 43655)
Milena Radovic (VSB No. 91000)
N. Winston West, IV (VSB No. 92598)
Jackson Lewis P.C.

*Physical Addresses:*
701 E. Byrd Street, 17th Floor
Richmond, Virginia 23219

Dominion Tower
999 Waterside Dr., Ste. 2525
Norfolk, VA 23510

*Mailing Address:*
P.O. Box 85068
Richmond, Virginia 23285

Tel: (757) 648-1448
Fax: (804) 649-0403
Kristina.vaquera@jacksonlewis.com

Milena.radovic@jacksonlewis.com
Winston.west@jacksonlewis.com
*Counsel for Defendant Jefferson Science Associates, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record, including


Ronald J. Kim, Esq.
SOLOMON LAW FIRM, PLLC
300 Great Oaks Blvd, Suite 312
Albany, NY 12203
rkim@fedemploylaw.com

Dawn C. Stewart, Esq
SOLOMON LAW FIRM, PLLC
1025 Connecticut Avenue, NW, Suite 1000
Washington, D.C. 20036
dstewart@fedemploylaw.com

*Counsel for Plaintiff*


**JEFFERSON SCIENCE ASSOCIATES, LLC**


By: ______________/s/________________
Kristina H. Vaquera (VSB No. 43655)
Milena Radovic (VSB No. 91000)
N. Winston West, IV (VSB No. 92598)
Jackson Lewis P.C.

*Physical Addresses:*
701 E. Byrd Street, 17th Floor
Richmond, Virginia 23219

Dominion Tower
999 Waterside Dr., Ste. 2525
Norfolk, VA 23510

*Mailing Address:*
P.O. Box 85068
Richmond, Virginia 23285

Tel: (757) 648-1448
Fax: (804) 649-0403
Kristina.vaquera@jacksonlewis.com

Milena.radovic@jacksonlewis.com
Winston.west@jacksonlewis.com
*Counsel for Defendant Jefferson Science Associates, LLC*

4928-0184-7513, v. 2